IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAIMERE PROSSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-067 |
| | ) | (Formerly CR 109-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the United States Penitentiary in Atwater, California, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The petition was originally docketed as a Rule 60(b) motion which the Court recharacterized as a motion to vacate under 28 U.S.C. § 2255 after notice and an opportunity to object pursuant to Castro v. United States, 540 U.S. 375, 377 (2003). (Doc. nos. 1, 2.) The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On June 4, 2009, the grand jury in the Southern District of Georgia charged Petitioner with three counts of distribution of cocaine, one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, and one count of carrying and using a firearm

during a drug trafficking crime as part of a thirty-two count indictment involving ten defendants. United States v. Beale, CR 109-073, doc. no. 3 (S.D. Ga. June 4, 2009) (hereinafter "CR 109-073"). On January 7, 2010, Petitioner, represented by appointed counsel, pleaded guilty to one count of distribution of five grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) . (Id., doc. no 285.) In exchange for Petitioner's guilty plea to this count, the government agreed to dismiss the remaining counts. (Id., doc. no. 284, pp. 2-3.) By pleading guilty, Petitioner admitted the factual basis for his conviction. (Id. at 4.) Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [A]s a part of this agreement and in consideration for the government's promises hereunder, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Id. at 3.)

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 34, Criminal History Category at VI, and Guideline imprisonment range at 262 to 327 months. (PSI ¶ 54.) The statutory maximum term for the charge to which Petitioner pled guilty was life imprisonment. (PSI ¶ 53.) United States District Judge J. Randal Hall sentenced

Petitioner to 300 months imprisonment, and the Court entered a judgment on April 15, 2010. (CR 109-073, doc. no. 332.) Petitioner did not file a direct appeal.

On January 24, 2012, Petitioner was denied a sentence reduction under 18 U.S.C. § 3582 on a motion by the Court. (See id., doc. no. 413.) This motion was made due to Amendment 750 to the Sentencing Guidelines, made retroactively applicable, which revised the crack cocaine quantity tables listed in § 2D1.1(c). See U.S.S.G. App. C, Amend. 750, Reason for Amendment; id. Amend. 759. However, Petitioner's offense level of 37 was determined by his career offender status rather than the drug quantity amounts under U.S.S.G § 2D1.1, and the retroactive amendments were inapplicable to him. (See id., doc. no. 413; PSI ¶ 32.) Petitioner filed a motion for reconsideration of the sentence reduction denial which Judge Hall denied. (Id., doc. nos. 414, 419.) Judge Hall also made clear that the Fair Sentencing Act was inapplicable to Petitioner. (See id., doc. no. 419.)

Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) to challenge his conviction on January 5, 2015 which the Court recharacterized after notice as a § 2255 motion because Rule 60(b) motions can only be used to challenge judgments in civil cases. (See id., doc. no. 444.) The Court also gave Petitioner a warning of the potential consequences and an opportunity to object to the recharacterization under Castro, 540 U.S. at 377. (Id.) On May 13, 2015, the Court entered an order docketing Petitioner's motion as a motion under 28 U.S.C. § 2255 due to the fact that Petitioner had not objected to the recharacterization. (Doc. no. 1.) In contrast to arguing that the Fair Sentencing Act entitles him to a sentence reduction, Petitioner now argues that he was convicted under an unconstitutional statute that was repealed by Congress in the Fair Sentencing Act. (See doc.

3

no. 2.) Petitioner also asserts that disparity in penalties given to crack cocaine compared to powder cocaine in 21 U.S.C. 841 is racially discriminatory. (Id at 1-2.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

## II.   DISCUSSION

### A.   The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on April 15, 2010, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus, the instant motion, filed more than four years later, is untimely. Additionally, Petitioner does not allege any facts that would qualify him for a later statute of limitations under § 2255(f)(2), (3), or (4), and any right Petitioner might attempt to

4

assert under the Fair Sentencing Act is also untimely as that act was passed on August 3, 2010. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act also does not apply retroactively. See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012)

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Damren v. Florida, 776 F.3d 816, 818 (11th Cir. 2015)

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in

5

scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but rather that the statute he was convicted of violating was unconstitutional. (<u>See</u> doc. no. 2, pp. 1-2.) Because Petitioner does not assert innocence or that extraordinary circumstances barred him from timely filing his motion, the Court cannot consider Petitioner's untimely § 2255 motion, and it should be denied.

## III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA